

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CRISTINA KEMP,

                        Plaintiff,

- against -

ASCEND HEALTH CORPORATION,
RICHARD KRESCH, an individual,
THE RIVER SCHOOL, and
JANE KRESCH, an individual

                        Defendants.
------------------------------------------------------------X

**COMPLAINT**

Case No.:

**Jury Trial Demanded**

'08 CIV 4107

Plaintiff, CRISTINA KEMP, by and through her attorneys, MISIANO SHULMAN CAPETOLA & KESSLER, LLP., complaining of the Defendants, alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action seeking monetary damages and affirmative relief based upon Defendants violation of the Fair Labor Standards Act of 1938 (hereinafter referred to as "FLSA"), as amended, 29 U.S.C. §201, *et. seq.*, The New York State Labor Law, and other appropriate rules, regulations, statutes and ordinances.

### STATEMENT PURSUANT TO LOCAL RULE 9

2. For purposes of complying with Local Rule 9, Plaintiff states that she has no corporate parent, subsidiary or affiliate and that there are no other interested parties.

### JURISDICTION & VENUE

3. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. 201, *et. seq.*, 28 U.S.C. §1331 and §1337, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C.

1367.

4. Defendants, ASCEND HEALTH CORPORATION and RICHARD KRESCH, do business in the State of New York, within the Southern District of New York, maintaining places of business at 280 Madison Avenue, Suite 305 New York, New York 10016.

5. Defendants, THE RIVER SCHOOL and JANE KRESCH, do business in the State of New York, within the Southern District of New York, maintaining places of business at 75 West End Avenue New York, New York 10023.

6. Defendants, THE RIVER SCHOOL and JANE KRESCH, also do business in the State of New York, within the Southern District of New York, maintaining places of business at 280 Madison Avenue, Suite 305 New York, New York 10016.

7. Accordingly, this action properly lies in the Southern District of New York, pursuant to 28 U.S.C. §1391.

## THE PARTIES

8. The Plaintiff is a citizen of the United States of America and is a resident of the State of New York, County of Bronx.

9. At all times relevant to the complaint, Plaintiff, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e).

10. Upon information and belief, Defendant, ASCEND HEALTH CORPORATION, (hereinafter referred to as "ASCEND"), was and still is a foreign corporation authorized to do business pursuant to the laws of the State of New York.

11. Upon information and belief, Defendant, ASCEND's principal place of business was and still is at 280 Madison Avenue, Suite 305, New York, New York 10016.

12. Upon information and belief, and at all times hereinafter mentioned, the Defendant, ASCEND was and still is engaged in the business of operating a behavioral healthcare company.

13. At all times hereinafter mentioned, ASCEND was and still is an "employer" within the meaning of Section 3(d) of the FLSA and 29 U.S.C. §203(d).

14. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, owns and/or operates a company known as ASCEND.

15. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, is the President of ASCEND.

16. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, is the Vice-President of ASCEND.

17. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, is a shareholder of ASCEND.

18. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, is the Chief Executive Officer of ASCEND.

19. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, is an agent of ASCEND.

20. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, has the authority over personnel decisions for ASCEND.

21. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, has the authority over payroll decisions for ASCEND.

22. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, has the authority to hire and fire employees for ASCEND.

23. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, supervised and controlled the work schedule for ASCEND's employees.

24. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, managed the employment records for ASCEND's employees.

25. At all times hereinafter mentioned, RICHARD KRESCH, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

26. Upon information and belief, the Defendant, THE RIVER SCHOOL (hereinafter referred to as "RIVER") was and still is a domestic corporation duly organized and existing by virtue of the laws of the State of New York, maintaining its principal place of business in the County of New York, State of New York.

27. Upon information and belief, the Defendant, RIVER, was and still is a foreign corporation authorized to do business pursuant to laws of the State of New York, and maintained its principal place of business in the County of New York, State of New York.

28. Upon information and belief, the Defendant, RIVER, was and still is an unincorporated association, maintaining its principal place of business in the County of New York, State of New York.

29. Upon information and belief, the Defendant, RIVER, was and still is an unincorporated association, maintaining a place of business in the County of New York, State of New York.

30. Upon information and belief, the Defendant, RIVER, was and still is a partnership, maintaining its principal place of business in the County of New York, State of New York.

31. Upon information and belief, RIVER was and still is a foreign partnership, doing business in the County of New York, State of New York.

32. Upon information and belief, the Defendant, RIVER, was and still is a limited liability partnership, maintaining its principal place of business in the County of New York, State of New York.

33. Upon information and belief, the Defendant, RIVER, was and still is a limited partnership, maintaining its principal place of business in the County of New York, State of New York.

34. Upon information and belief, the Defendant, RIVER, was and still is a foreign partnership, maintaining its principal place of business in the County of New York, State of New York.

35. Upon information and belief, the Defendant, RIVER, was and still is a foreign limited liability partnership, maintaining its principal place of business in the County of New York, State of New York.

36. Upon information and belief, the Defendant, RIVER, was and still is a foreign limited partnership, maintaining its principal place of business in the County of New York, State of New York.

37. Upon information and belief, the Defendant, RIVER, was and still is a foreign limited partnership, authorized to do business in the state of New York, and maintained its principal place of business in the county of New York, State of New York.

38. Upon information and belief, Defendant, RIVER's principal place of business was and still is at 75 West End Avenue, New York, New York 10023.

39. Upon information and belief, and at all times hereinafter mentioned Defendant, RIVER, was and still is engaged in the business of providing childcare.

40. At all times hereinafter mentioned, Defendant, RIVER, was and still is an "employer" within the meaning of Section 3(d) of the FLSA and 29 U.S.C. §203(d).

41. Upon information and belief, and at all times hereinafter mentioned, the Defendant, JANE KRESCH, owns and/or operates a company known as RIVER.

42. Upon information and belief, and at all times hereinafter mentioned, the Defendant, JANE KRESCH, is the President of RIVER.

43. Upon information and belief, and at all times hereinafter mentioned, the Defendant, JANE KRESCH, is the Vice-President of RIVER.

44. Upon information and belief, and at all times hereinafter mentioned, the Defendant, JANE KRESCH, is a shareholder of RIVER.

45. Upon information and belief, and at all times hereinafter mentioned, the Defendant, JANE KRESCH, is the Chief Executive Officer of RIVER.

46. Upon information and belief, and at all times hereinafter mentioned, the Defendant, JANE KRESCH, is an agent of RIVER.

47. Upon information and belief, and at all times hereinafter mentioned, the Defendant, JANE KRESCH, has the authority over personnel decisions for RIVER.

48. Upon information and belief, and at all times hereinafter mentioned, the Defendant, JANE KRESCH, has the authority over payroll decisions for RIVER.

49. Upon information and belief, and at all times hereinafter mentioned, the Defendant, JANE KRESCH, has the authority to hire and fire employees for RIVER.

50. Upon information and belief, and at all times hereinafter mentioned, the Defendant, JANE KRESCH, supervised and controlled the work schedule for RIVER's employees.

51. Upon information and belief, and at all times hereinafter mentioned, the Defendant, JANE KRESCH, managed the employment records for RIVER's employees.

52. At all times hereinafter mentioned, JANE KRESCH, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

53. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, owns and/or operates a company known as RIVER.

54. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, is the President of RIVER.

55. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, is the Vice-President of RIVER.

56. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, is a shareholder of RIVER.

57. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, is the Chief Executive Officer of RIVER.

58. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, is an agent of RIVER.

59. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, has the authority over personnel decisions for RIVER.

60. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, has the authority over payroll decisions for RIVER.

61. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, has the authority to hire and fire employees for RIVER.

62. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD, supervised and controlled the work schedule for RIVER's employees.

63. Upon information and belief, and at all times hereinafter mentioned, the Defendant, RICHARD KRESCH, managed the employment records for RIVER's employees.

64. That the Plaintiff was employed by Defendants from in or about March of 2007 until in or about November of 2007.

65. Defendants constitute a "joint employer" as defined by section 3(d) of the FLSA and 29 U.S.C. §203(d), other federal applicable statutes, as well as defined by New York Labor Law §§ 2(6), 190(3), and 651(6).

66. At all times hereinafter mentioned, the activities of the Defendants were related and performed through unified operations or common control for a common business purpose, and constituted an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

67. At all times hereinafter mentioned, Defendants employed employees, including the Plaintiff herein, who regularly were engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. §203(b), (g), (i) and (j).

## FACTS

68. Plaintiff, was an employee of the Defendants, working under the direct supervision of the Defendant, RICHARD KRESCH.

69. While working for ASCEND, Plaintiff was forced and/or suffered to perform work for the Defendants, RIVER, RICHARD KRESCH, and JANE KRESCH.

70. At all times hereinafter mentioned, Plaintiff was required to be paid overtime pay at the statutory rate of time and one-half (1 and ½) her regular rate of pay after she had worked forty (40) hours in a workweek.

71. Plaintiff worked more than forty (40) hours in most workweeks in which she was employed by the Defendants.

72. Defendants failed to compensate the Plaintiff for time worked in excess of forty (40) hours per week at a rate of a least one and one-half (1 and ½) times her regular hourly rate, throughout the entire term of her employment with the Defendants.

73. Plaintiff complained about the improper manner in which the Defendants were paying her wages, but her complaints were to no avail.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, CRISTINA KEMP FOR FAILURE TO PAY OVERTIME FLSA VIOLATION

74. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "73" of the Complaint, with the same force and effect, as if fully alleged herein.

75. Defendants employed Plaintiff for workweeks longer than forty (40) hours and wilfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and ½) times the regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. §207(a)(1).

76. The complete records concerning the number of hours worked by the Plaintiff as well as the compensation Plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of the Defendants, and as such, the Plaintiff is unable to state at this time the exact amount due and owing to them.

77. As a consequence of the willful underpayment of wages, alleged above, the Plaintiff has incurred damages thereby and the Defendants are indebted to her in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, CRISTINA KEMP FOR FAILURE TO PAY OVERTIME NEW YORK LABOR LAW VIOLATION

78. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "77" of the Complaint, with the same force and effect, as if fully alleged herein.

79. Defendants employed Plaintiff for workweeks longer than forty (40) hours and wilfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and ½) times the regular hourly rate, in violation of the requirements of New York Labor Law.

80. The complete records concerning the number of hours worked by the Plaintiff as well as the compensation Plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of the Defendants, and as such, the Plaintiff is unable to state at this time the exact amount due and owing to them.

81. As a consequence of the willful underpayment of wages, alleged above, the Plaintiff has incurred damages thereby and the Defendants are indebted to her in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

## JURY DEMAND

82. Plaintiff herein demand a trial by jury for all issues in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CRISTINA KEMP, respectfully requests that she be awarded the following relief:

   a. an order of this Court directing the Defendants to pay the Plaintiff overtime wages which she is due for the entire period of her employment;

   b. on her first cause of action, an award of actual damages for uncompensated overtime wages as a "willful" violation, in an amount to be determined at trial, plus interest and an equal amount as liquidated damages pursuant to Section 216 of the FLSA, 29 U.S.C. §216(b), the exact mount of which will be determined at trial;

   c. on her second cause of action, an award of actual damages for uncompensated overtime wages, in an amount to be determined at trial, plus interest and liquidated damages pursuant to New York Labor Law §198, the exact mount of which will be determined at trial;

   d. an award of attorney's fees, expert fees, costs and disbursements; and

e.     such other and further relief as this Court may deem just and proper.

Dated: Melville, New York
        April 24, 2008

                                       Yours, etc.,

                                       MISIANO SHULMAN CAPETOLA
                                       & KESSLER, LLP.

                                       By: _____
                                            Troy L. Kessler, Esq. (TK - 4793)
                                       Attorneys for Plaintiff
                                       510 Broadhollow Road, Suite 110
                                       Melville, New York 11747
                                       (631)499-9100